**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782

July 1, 2022

LETTER TO COUNSEL

      RE:    *Abdul K. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
              Civil No. 21-2434-BAH

Dear Counsel:

      On September 23, 2021, Plaintiff Abdul K. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 8, 13, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the decision of the SSA in part, and REMAND the case to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

      Plaintiff filed claims for benefits in 2018, alleging a disability onset date of May 8, 2018. Tr. 310-11. Plaintiff's claims were denied initially. Tr. 209–12. On July 18, 2019, Plaintiff's request for reconsideration was denied. Tr. 219–23. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 225–27. A telephonic hearing was held on December 3, 2020. Tr. 38. Following the hearing, the ALJ determined that Plaintiff was not disabled. Tr. 12–35. Plaintiff appealed the ALJ's decision; however, the Appeals Council denied the request for review. Tr. 1–6. The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

      The ALJ found that Plaintiff was severely impaired by "degenerative disc disease of the cervical and lumbar spine, seizure disorder, right hearing loss, right carpal tunnel syndrome status-post surgery, left shoulder rotator cuff tear and impingement status-post arthroscopic repair, left shoulder arthritis, bilateral ulnar nerve neuropathy, right elbow medial epicondylitis, and obesity[.]" Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except lifting, carrying (including upward pushing and pulling) 10 pounds occasionally and less than 10 pounds frequently, no climbing of stairs or ladders, occasional handling and fingering with the right dominant hand, and no overhead lifting. [Plaintiff] needs to avoid loud and noisy

*Abdul K. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2434-BAH
July 1, 2022
Page 2

> environments, such as a factory. [Plaintiff] needs to avoid hazardous machinery and unprotected heights. Due to issues with pain and fatigue, [Plaintiff] would be off-task 10 percent of the workday.

Tr. 23. After considering the testimony of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work as a cook. Tr. 28. However, the ALJ did find that Plaintiff could perform other jobs existing in significant numbers in the national economy such as "counter clerk," "ticket taker," and "usher." Tr. 29. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

On appeal, Plaintiff argues: (1) that the ALJ erred in failing to explain Plaintiff's specific off-task limitation of 10 percent, and (2) the ALJ erred at step three of the sequential evaluation process by failing to properly evaluate whether Plaintiff's Impairments met or equaled the listing in 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 1.04(A)." Pl.'s Br. 9–31, ECF 13-2. As to Plaintiff's first argument, Defendant counters that "the ALJ did provide adequate and specific enough discussion to connect this aspect of the residual functional capacity to the underlying findings, and [the ALJ] was not required to disprove more limited findings in order for her decision to be supported by substantial evidence." Def.'s Br. 6, ECF 14-1. Defendant does not dispute Plaintiff's legal premise that an ALJ cannot leave a reviewing court to "guess about how the ALJ arrived at [their] conclusions." *Id.* at 8 (citing *Mascio v. Colvin*, 780 F. 3d 632, 637 (4th Cir. 2015)). Defendant provides an overview of the record, pointing largely to the ALJ's discussion of Plaintiff's complaints of pain. *Id.* at 9–10. Defendant also points out that Plaintiff "does not allege that the ALJ performed an improper symptom analysis, or that the evidence shows he would be off-task more than 10 percent of the workday." *Id.* at 11. Defendant concludes that the ALJ's decision should be upheld because there is "more than a mere scintilla" of evidence to support the ALJ's finding that Plaintiff would not be off task for more than 10 percent of a workday. *Id.* The Court disagrees.

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

Here, the ALJ failed to explain how the evidence cited translated into a determination that Plaintiff would be off task 10 percent of the time. *See Petry v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017). The ALJ concluded that Plaintiff would be off task 10 percent of the workday "[d]ue to issues with pain and fatigue . . . ." Tr. 23. However, the only explanation provided for this numerically specific limitation is that it is supported by "September 2017 EMG/NCS test," Tr. 27, and a notation that it is "due to his ongoing back, neck, and left shoulder pain . . . ." Tr. 28. The ALJ failed to explain how these facts supported an exact finding that Plaintiff would be off task for ten percent of the workday and thus,

the ALJ failed to "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000).

The need for an explanation of how the 10 percent figure was calculated is particularly significant here, since even a moderate increase in time off task would preclude Plaintiff from any work. *See* Tr. 69 (noting VE's opinion that Plaintiff could not perform any work if Plaintiff was off task "15 to 20 percent" of the workday); *see also Schlossnagle v. Colvin*, No. TMD-15-935, 2016 WL 4077672, at *4 (D. Md. Aug. 1, 2016) (noting that VE testified that "being 'off task' more than 10% of the time during an eight-hour workday would preclude all competitive employment" in fields of cleaner, hand packer, and warehouse laborer); *Brian L. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-197, 2020 WL 1814205, at *3 (D. Md. Apr. 9, 2020) ("An explanation of how that percentage was calculated is significant, since a six percent increase could preclude competitive employment."); *Kane v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *1 (D. Md. May 14, 2018) ("In this case, the ALJ considered the VE's testimony that, if Ms. Kane were only off task for 10% of the day, there would be jobs available for her to perform, but that, if she were to be off task for 15% of the day, there would not."). Moreover, though the ALJ notes that the 10 percent off task limitation is designed to address both pain *and fatigue*, the decision omits a discussion of the later entirely. As such, I cannot find that it is supported by substantial evidence and remand is appropriate.

"[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday." *Kane*, 2018 WL 2739961, at *2 n.2. However, if an ALJ chooses to note a specific period of time that a claimant will be able to perform work-related tasks, the ALJ must adequately explain that determination with reference to the record. *See, e.g.*, *Fisher v. Comm'r, Soc. Sec.*, No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018) ("The ALJ, however, provided no support or explanation for this extremely specific conclusion."); *Carter v. Berryhill*, No. 17-04399, 2018 WL 4381275, at *12 (S.D.W. Va. Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 4169108 (S.D.W. Va. Aug. 30, 2018) (remanding where the ALJ "left the court to guess" how the ALJ arrived at the conclusion that the claimant would be off task for 15 percent of the workday); *Jeffrey B. v. Saul*, No. GLS 20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) ("The lack of any explanation as to how the ALJ calculated this percentage is significant because 'a one percent increase could preclude competitive employment.'") (internal citation omitted). Having failed to provide an adequate explanation of how the ALJ concluded that Plaintiff would be "off-task for 10 percent of the workday," remand is warranted.

Defendant points the Court to three cases where an ALJ's decision was upheld despite a finding that a claimant would be off task for a specific time percentage. *See* Def.'s Br. 7 n.1, ECF 14-1. "The only relevant question here, however, is whether the ALJ's determination *in this case*—that [Plaintiff] would be off-task 10% of the time—was supported by substantial evidence." *Kane*, 2018 WL 2739961, at *2 (emphasis in original). As Judge Gallagher noted in *Kane*, "[t]his Court is not in a position to determine, in the first instance, whether [Plaintiff] would be off-task 10%, 15%, 5%, or 13 % of the time." *Id.* "Given the VE's testimony rendering the percentage of

*Abdul K. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2434-BAH
July 1, 2022
Page 4

time off-task potentially work-preclusive, the ALJ failed to fulfill the duty of explanation on this issue, and remand is warranted." *Id.*

Plaintiff also contends that the ALJ erred at the third step of the sequential evaluation process by "impermissibly requir[ing] a heightened burden of proof with regard to [the ALJ's] analysis of Listing 1.04A." Pl.'s Br. 24, ECF 13-2. Specifically, Plaintiff avers that there exists "ample evidence in the record to support a determination that [Plaintiff's] impairments met or equaled Listing 1.04A." *Id.* at 31. Because this case is being remanded on other grounds, I need not decide this issue. On remand, the ALJ may, however, address the arguments raised by Plaintiff regarding the ALJ's step three analysis.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED, and Defendant's motion for summary judgment, ECF 14, is DENIED. The ALJ's opinion is REVERSED IN PART as described above, and the case is REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                      Sincerely yours,

                                      /s/

                                      Brendan A. Hurson
                                      United States Magistrate Judge